# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGNATURE BUILDING SYSTEMS OF PENNSYLVANIA, LLC AND SIGNATURE BUILDING SYSTEMS, INC. | : <br> : <br> : |
| Plaintiffs, | :    3:20-CV-2348 |
| v. | :    (JUDGE MARIANI) |
| MOTORIST MUTUAL INSURANCE CO. | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

On November 24, 2020, Plaintiffs Signature Building Systems of Pennsylvania, LLC and Signature Building Systems, Inc. (collectively, "Plaintiffs" or "Signature Building Systems") filed a complaint (the "Complaint") in the Court of Common Pleas of Lackawanna County. (Doc. 1-1). On December 15, 2020, Defendant Motorist Mutual Insurance Co. ("Defendant" or "Motorist Mutual") filed a Notice of Removal to remove the action from state court to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). (Doc. 1).

Presently before the Court is Plaintiffs' Motion to Remand the above-captioned action. (Doc. 7). For the reasons set forth below, the Court will deny Plaintiffs' Motion to Remand.

## II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

Defendant Motorist Mutual is an insurance company incorporated and with its principal place of business in the state of Ohio. (Doc. 1 at ¶ 9). Plaintiffs Signature Building Systems are construction companies with their main offices and principal places of business in Pennsylvania. (Doc. 1-1 at ¶ 2). From February 28, 2018 to February 28, 2019, Plaintiffs maintained an insurance plan with Motorist Mutual through which Motorist Mutual insured certain commercial property controlled by Plaintiffs with general and commercial liability coverage. *See* (Doc. 4-2 at 24-47). The insurance plan between the parties included a "Commercial General Liability Coverage Form," setting forth the terms of coverage, as well as an endorsement entitled "Damage by Subcontractors Endorsement," which provided added coverage for certain damages to Plaintiffs' insured property caused by Plaintiffs' subcontractors. (Doc. 1-1 at ¶ 4; Doc. 4-2 at 24-40).

On November 17, 2017, Plaintiffs entered into an agreement with a New Jersey apartment company through which Plaintiffs were to "design, construct[], deliver[] and erect[] a four-story prefabricated modular apartment building" (the "Carrino Project"). (Doc. 1-1 at ¶ 5). On June 25, 2018, Plaintiffs engaged a third-party contractor, Modsets, to have Modsets install and set modular units for the Carrino Project. (*Id.* at ¶ 6). In August 2018, however, after Modsets started work on the project, there appeared "various instances of water damage" to the insured property resulting from Modsets's work. (*Id.* at ¶ 7).

2

As a result, Plaintiffs filed a claim with Defendant under their insurance policy for the costs incurred to address this damage. (Doc. 1-1 at ¶ 8). Defendant denied this claim by letter on October 1, 2018. (*Id.*). In response, Plaintiffs sent a follow-up letter, dated December 21, 2018, asserting coverage under the plan and demanding from Defendant reimbursement of losses exceeding $800,000.00. (*Id.* at ¶ 9; Doc. 8 at 5). This demand too was denied by letter, dated May 9, 2019. (Doc. 1-1 at ¶ 10). On May 10, 2019, Plaintiffs sent their final letter to Defendant in which they claimed to have "expended approximately $2,000,000.00 in order to mitigate the damages in this matter." (*Id.* at ¶ 11). Nevertheless, Plaintiffs' claim remained unpaid. (*Id.*).

On May 16, 2019, Plaintiffs filed a Writ of Summons in the Court of Common Pleas in Lackawanna County, Pennsylvania. (Doc. 1-1 at ¶ 12). In turn, on July 21, 2019, Defendant served Plaintiffs with Interrogatories – which Defendant claims went unanswered – in order to "flesh-out the facts underlying plaintiffs' claims." (Doc. 11 at 1). Thereafter, as Plaintiffs had not filed a complaint by the end of October 2020, Defendant requested that the state court enter a rule to file a complaint. (*Id.* at 4). Plaintiffs subsequently filed the Complaint on November 24, 2020,[1] and Defendant removed the matter to this Court on December 15, 2020. (Doc. 1). In response, Plaintiffs filed a Motion to Remand. (Doc. 7).

---

[1] Plaintiffs claim in their Motion to Remand that the Complaint was filed on November 30, 2020. (Doc. 7 at ¶ 1). Defendant, however, claims in its reply to Plaintiffs' Motion to Remand that the Complaint was filed on November 24, 2020. (Doc. 11 at 4). As dates of filings are specifically of note in remand determinations, especially where the grounds for remand are based on timeliness of removal, the Court will rely on the Defendant's view as (1) Defendant has a greater interest in a later filing date and (2) the

3

Plaintiffs allege in their Complaint claims against Defendant for breach of contract (Count I) and bad faith (Count II) as a result of Defendant's purported failure to properly assess and pay Plaintiffs' insurance claim. *See* (Doc. 1-1). Plaintiffs claim that their initial demand, which they allege was made though their pre-Complaint letter sent to Defendant on December 21, 2018, was for "payment in excess of $800,000.00." (Doc. 7 at ¶ 2). Nevertheless, in the Complaint, Plaintiffs demand monetary recovery in an amount of $50,000.00 for Count I and in an amount more than $50,000.00 for Count II, together with interest, costs, fees, and other damages. (Doc. 1-1 at 7, 19).

### III. STANDARD OF REVIEW

Any civil action brought in state court may be removed to a federal district court if the district court would have had original jurisdiction. 28 U.S.C. § 1441. "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)); *Rosenfield v. Forest City Enters., L.P.*, 300 F. Supp. 3d 674, 677 (E.D. Pa. 2018). Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .

---

Certificate of Service signed by Plaintiffs' counsel is dated as of "the 24th day of November, 2020." (Doc. 1-1 at 23).

4

28 U.S.C. § 1332 (a)(1). The amount in controversy is generally decided from the face of the complaint itself,[2] *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993), whereas the citizenship of the parties where the parties are corporate entities will be established where the corporation "has been incorporated and ... where it has its principal place of business," 28 U. S. C. §1332(c)(1). *See Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010).

Once a party has determined that there are sufficient grounds upon which it may remove a matter from state court to federal court, it may do so by filing a notice of removal. In such an instance,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). In addition, under Section 1446(b)(3), if the "initial pleading" is not at first removable on its face,

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[2] Separate claims by the same plaintiff against the same defendant may be aggregated in order to reach the statutory amount in controversy. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted ... in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant."); *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997). The amount in controversy, however, must be strictly adhered to when determining whether jurisdiction exists.

5

28 U.S.C. § 1446(b)(3). A case, however, may not be removed pursuant to Section 1446(b)(3) diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In evaluating remand motions, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936)). The removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand. *Boyer v. Snap-On Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiffs here do not dispute the assertion that the parties are citizens of different states, nor do Plaintiffs argue that the amount in controversy does not exceed $75,000.00.[3] Instead, Plaintiffs claim that Defendant's Notice of Removal was untimely pursuant to Sections 1446(b)(3) and 1446(c)(1) as: (1) the matter was initiated in state court by Plaintiffs on May 16, 2019 via the Writ of Summons; (2) Defendant was given notice that the matter was subject to removal based on Plaintiffs' December 21, 2018 letter demanding $800,000.00; (3) Defendant availed and submitted itself to the jurisdiction of the state court

---

[3] The Court notes that Plaintiffs make several references to more substantial claims, including that "Plaintiff[s] through [their] counsel demanded payment in excess of $800,000.00 from Defendant." (Doc. 7 at ¶ 2). As Plaintiffs, however, have only officially pled two claims for an aggregate demand of at least $100,000.00, they would be required to amend their Complaint if they wished to adjust the amount in controversy.

by serving Plaintiffs with Interrogatories on July 21, 2019; and (4) Defendant failed to file its Notice of Removal within thirty days of receipt of "other paper" – i.e., the December 2018 demand letter, in conjunction with the Writ of Summons – that demonstrated diversity under Section 1446(b)(3) or within one year of the commencement of the action pursuant to Section 1446(c)(1).

## IV. ANALYSIS

Plaintiffs raise two separate grounds for remand in their Motion under Section 1446(b)(3) and Section 1446(c)(1) respectively. As these two grounds raise separate issues, they will be addressed in turn.

### A. Plaintiffs' Motion to Remand Under 28 U.S.C. § 1446(b)(3)

Section 1446(b)(3) requires that a notice of removal be filed "within thirty days after receipt by the defendant … [of] other paper from which it may first be ascertained that the case is one which is or has become removable" if the case "stated in the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). The analysis surrounding Plaintiffs' claim under Section 1446(b)(3) thus starts with what constitutes an "initial pleading" for purposes of starting the thirty-day clock on a defendant's ability to timely file a notice of removal. Plaintiffs offer a patchwork of various documents, including Plaintiffs' December 2018 demand letter, the Writ of Summons, and Defendant's Interrogatories, that they argue constitute "an initial pleading" and gave Defendant sufficient notice that it must promptly

remove the matter to federal court if it wished to do so.[4] (Doc. 8 at 5-7). Within the Third Circuit, however, the term "initial pleading" in Section 1446(b), for purposes of establishing when the thirty-day removal period begins, has been determined to mean the complaint. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).[5] This interpretation applies to all of Section 1446(b) in which the term "initial pleading" appears, including Section 1446(b)(3). *Id.* ("[s]tatutes must be construed 'as a symmetrical and coherent regulatory scheme, one in which the operative words have a consistent meaning throughout.'" (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 569 (1995)).

In making this determination and distinguishing a complaint from a writ of summons or other papers, the court in *Sikirica* explained that "[t]he model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. This is insufficient to notify the defendant 'what the action is about.'" *Sikirica*, 416 F.3d at 223 (internal citation omitted); *see e.g., Polanco*

---

[4] Plaintiffs do not provide a clear date upon which, in their view, the clock officially began to run. The assertions made in their briefing, however, would make it only plausible that the filing of the Writ of Summons would, in their view, constitute the official "initial pleading" and that the December 2018 demand letter, sent almost five months before the Writ of Summons was filed, would be the "other paper" that would provide notice to Defendant that the case was removable.

[5] Plaintiffs cite *Skirica* in the "Standard of Review" section of their brief and quote the case, which states "a writ of summons can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *See* (Doc. 8 at 3-4) (quoting *Sikirica*, 416 F.3d at 223). Thereafter, Plaintiffs turn back to cases that were overruled by *Sikirica* on the same issue. *See* (Doc. 8 at 5, 8) (citing *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48 (3d Cir. 1993); *Penn Patio Sunrooms, Inc. v. Ohio Casualty Ins. Co.*, 2008 WL 919543 (M.D. Pa. Mar. 31, 2008)).

*v. Coneqtec Universal*, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) ("Where, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint. The initial pleading described in § 1446(b) is the complaint, not the summons, praecipe for writ of summons, or some other document like a Civil Cover Sheet." (citing *Sikirica*, 416 F.3d at 222)).[6]

In *Pierchalski v. Sanders*, 2019 WL 1904297, at *1 (W.D. Pa. Apr. 12, 2019), for example, the court was faced with similar circumstances as here where the defendant claimed that a writ of summons, followed by a demand letter outlining the factual allegations and setting forth the alleged amount in controversy, would commence the thirty-day removal period under 1446(b) and allow for removal. The *Pierchalski* court instead focused on whether the alleged writings constituted an "initial pleading" sufficient to start this clock and found "no legal authority that a writ of summons in conjunction with a demand letter is an 'initial pleading' under Section 1446(b) post-*Sikirica*." *Id*. at *2. Therefore, the court found that "removal is not proper until a complaint has been filed in state court." *Id*. at *1; *see also*

---

[6] *See e.g., Binder v. Weststar Mortg., Inc.*, 2015 WL 790203, at *2 (E.D. Pa. Feb. 25, 2015) (a writ of summons and a court's administrative conference memorandum do not constitute an "initial pleading" under Section 1446); *Gabriel v. Giant Eagle, Inc.*, 2014 WL 7071034, at *8 (W.D. Pa. Dec. 12, 2014) (explaining case law after *Sikirica*); *Lane v. CBS Broadcasting Inc.*, 2008 WL 910000, at *5, 7 (E.D. Pa. Apr. 2, 2008) (a writ of summons and notice of discovery are not an "initial pleading" under Section 1446); *Wisinski v. American Commerce Group, Inc.*, 2008 WL 339461, *1 (W.D. Pa. Feb. 5, 2008) (a writ of summons, motion to compel arbitration, and motion for reconsideration, without a complaint, are not an "initial pleading" under Section 1446); *Campbell v. Oxford Elecs., Inc.*, 2007 WL 2011484, at *2 (E.D. Pa. July 5, 2007) (applying *Sikirica* and holding a writ of summons alone is not an "initial pleading" under Section 1446).

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint").

Though it may be argued that Plaintiffs' Writ of Summons "commenced" this action, *see Skirica*, 416 F.3d at 223, the Writ of Summons, even with "other paper" indicating that the case may eventually be removable, did not start the clock for purposes of removal. Instead, the thirty-day period in which Defendant was able to remove this action started on the day Plaintiffs filed the Complaint. As it is unquestioned that Defendant filed its Notice of Removal within the thirty-day period following the filing of the Complaint and the Complaint met the citizenship and amount-in-controversy requirements for removal under Section 1332 from the onset, removal was proper under Section 1446(b)(1). *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1332.

Further, the nature of Section 1446(b)(3) requires that the "other paper" described in the Section be a paper that turns an initial pleading that was not, on its face, previously subject to diversity jurisdiction into a pleading that is clearly removable. *See* 28 U.S.C. § 1446(b)(3). As the "other paper" must thus change the nature or understanding of the initial pleading, they must be introduced *after* the initial pleading was already filed. *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 675 (E.D. Pa. 2018) ("written pre-suit communications do not qualify as 'other paper'" under Section 1446(b)(3)). Here, the "other paper" described by Plaintiffs – the December 2018 demand letter, in conjunction with the

Writ of Summons – were introduced before the initial pleading. Therefore, even if the Complaint did not clearly state grounds for removal, which it did, the alleged "other paper" sent to Defendant over a year before the Complaint was filed is not the type of other paper contemplated by Section 1446(b)(3). As a result, Plaintiffs' claim fail on these grounds and the Motion must be denied.

### B. Plaintiffs' Motion to Remand Under 28 U.S.C. § 1446(c)(1)

Plaintiffs assert a second claim that they argue requires the Court to grant their Motion to Remand: that Defendant's Notice of Removal was untimely under Section 1446(c)(1) as it was not filed within one year of the commencement of the action. (Doc. 8 at 7-10). Plaintiffs, however, incorrectly employ Sections 1446(b)(3) and 1446(c)(1) as the two Sections clearly only apply where the initial pleading was not at first subject to removal on its face. 28 U.S.C. § 1446(b)(3) ("*if the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt [of other paper] ... from which it may first be ascertained that the case is one which is or has become removable" (emphasis added)); 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) ... more than 1 year after commencement of the action."); *see also Lott v. Duffy*, 2013 WL 5876977, at *1 (M.D. Pa. Oct. 30, 2013) (Section 1446(b)(3) applies where "the grounds supporting removal are not evident from the initial complaint."); *Davis v. Donnelly*, 2015 WL 765988, at *2 (E.D. Pa. Feb. 24, 2015) (same).

In *Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F. Supp.3d 588 (W.D. Pa. 2014), the court addressed the applicability of 1446(b)(3) in instances where the initial pleading clearly sets forth grounds upon which removal is permitted:

> According to the plain language of the first paragraph of § 1446(b), a party has thirty days to file a notice of removal when the "initial pleading ... set[s] forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006) *amended* by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011). As the court held in *Sikirica*, the initial pleading for the purpose of the first paragraph of § 1446(b) can be a complaint, but not a writ of summons. *Sikirica*, 416 F.3d at 222. Here, the initial pleading, i.e., the complaint, set forth the grounds for removal. The first—and not the second—paragraph of § 1446(b) is, therefore, applicable to [defendant's] notice of removal in this case; indeed, the court in *Sikirica* noted: "The second paragraph [of § 1446(b)] applies only if the initial pleading does not set forth the grounds for removal[.]" *Sikirica*, 416 F.3d at 220; *see Joseph L. Dunn Oil and Gas v. R.L. Wharton Enterprises, Ltd.*, Civ. Action No. 10–1364, 2011 WL 1230146, at *4 (W.D. Pa. Mar. 30, 2011); *Brown v. Modell's PA II, Inc.*, Civ. Action No. 08–1258, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008). Here, because the initial pleading—the complaint—set forth the grounds for removal, the second paragraph of § 1446(b)—in its entirety—is not applicable to this case.

*Parker Hannifin Corp.*, 23 F. Supp. 3d at 595–96 (footnotes omitted); *see also Pastin v. Allstate Ins. Co.*, 2018 WL 10229726, at *4 (W.D. Pa. June 27, 2018) (citing same). As discussed above, the "initial pleading" here, the Complaint, clearly set forth grounds for removal under Section 1332 and was timely removed pursuant to Section 1446(b)(1). As a result, Sections 1446(b)(3) and 1446(c)(1) were inapplicable as to removal of the Complaint,

making it unnecessary for Defendant to have filed its Notice of Removal within the one-year period following the commencement of the action set forth in Section 1446(c)(1).[7]

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Remand the current action to state court (Doc. 7) will be denied. A separate Order will follow.

Robert D. Mariani
United States District Judge

---

[7] Defendant further raises a question as to whether Plaintiffs' actions were in "bad faith," which would have negated any timing requirements under Section 1446(c)(1). 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless* the district court finds that the plaintiff *has acted in bad faith* in order to prevent a defendant from removing the action." (emphasis added)). Though it is no longer necessary for the Court to address the motives of the Plaintiffs in light of the analysis set forth above, the Court would not discount such an argument based on the delayed filing of the initial pleading and the subsequent arguments raised in the Motion to Remand, which failed to account for changes in the law since the decision upon which Plaintiffs mainly rely, *Penn Patio Sunrooms, Inc.*, 2008 WL 919543. *See* (Doc. 8 at 7-10).